## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: _____

SHENZHEN KINWONG ELECTRONIC
CO., LTD., a Chinese Limited Company,
and KINWONG ELECTRONIC (HONG
KONG) LIMITED, a Hong Kong Limited
Company,

       Plaintiffs,

v.

RISHI KUKREJA, an Individual, and
KINWONG, LLC, a Florida Limited
Liability Company,

       Defendants.

_____/

### COMPLAINT

Plaintiffs Shenzhen Kinwong Electronic Co., Ltd. ("Shenzhen Kinwong") and Kinwong

Electronic (Hong Kong) Limited ("Kinwong HK") (collectively, "Plaintiffs"), for their

Complaint against Defendants Rishi Kukreja ("Kukreja") and Kinwong, LLC ("U.S. Kinwong")

(collectively, "Defendants") state as follows:

### NATURE OF THE CASE

1.    This is an action for false designation of origin and unfair competition

under the Lanham Act, 15 U.S.C. § 1051 *et seq*.; for cancellation of a U.S. trademark

registration under 15 U.S.C. § 1119; for trademark infringement and unfair competition under

the common law of State of Florida; and for liability under the Florida corporate alter ego

doctrine, all arising out of Defendants' willful and unlawful actions whereby they seek to

"hijack," capitalize on, and benefit from the substantial goodwill and reputation that Plaintiffs

have built over a decade in their KINWONG mark.  Plaintiffs seek equitable and monetary relief to remedy the substantial harm they have sustained as a result of Defendants' unlawful acts.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this Complaint by virtue of Title 28 U.S.C. §§1331, 1332 and 1338, and under its supplemental jurisdiction of 28 U.S.C. §1367, the Counts of which concern acts of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1125(a); cancellation of a federal trademark registration under 15 U.S.C. § 1119; trademark infringement and unfair competition under the common law of Florida; and liability under Florida's corporate alter ego doctrine.  Moreover, the parties are citizens of different states so as to also satisfy the requirements for diversity of citizenship.  The amount in controversy in the present case exceeds the sum of $75,000.00, exclusive of interest and costs, as Kukreja recently stated in a sworn declaration that U.S. Kinwong's "total revenues from around the world for goods sold under the KINWONG mark for the five years from 2010 to 2015 are around US$$30-50 million per year."

3.      The Court has supplemental jurisdiction over the claims arising under the laws of the State of Florida, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4.  Venue is proper in this District under 28 U.S.C. § 1391.

## THE PARTIES

5.      Plaintiff Shenzhen Kinwong Electronic Co., Ltd. ("Shenzhen Kinwong") is a Chinese Limited Company, having a principal place of business at Tiegang Village, Xixiang Town, Bao'An District, Shenzhen Guangdong Province, China.

6.      Plaintiff Kinwong Electronic (Hong Kong) Limited ("Kinwong HK") is a Hong Kong Limited Company having a principal place of business in the Hong Kong Special Administrative Region of the People's Republic of China.   Kinwong HK is a wholly-owned subsidiary of Shenzhen Kinwong and licensee of the KINWONG mark.

7.      Defendant Kinwong, LLC ("U.S. Kinwong") is a Florida Limited Liability Company, having a principal place of business at 3131 SW 42nd Street, Fort Lauderdale, Florida 33312.  U.S. Kinwong's sole member is Defendant Rishi Kukreja ("Kukreja").

8.      Kukreja is an individual and citizen of the State of Florida, who, upon information and belief, resides in Sunny Isles, Florida.

9.      This Court has personal jurisdiction over Defendants by virtue of, among other bases, their transacting of business in the State of Florida, their engagement in tortious acts within the State of Florida and elsewhere, and their overall contacts with the State of Florida; all commensurate with the United States and Florida Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

## FACTS RELEVANT TO ALL COUNTS

### A.  Plaintiffs and Their KINWONG Trademark

10.      Plaintiffs manufacture, distribute, market, promote, offer for sale and sell high-density multi-layer printed circuit boards and flexible printed circuit boards, and other

related products ("Circuit Board Products") for the global market, including the United States, under the trademark KINWONG.

11.     Plaintiffs have used the KINWONG trademark in United States commerce since at least as early as 2008, and most likely as early as 2005, in association with the Circuit Board Products, and have manufactured, marketed, promoted, distributed and sold their Circuit Board Products under the KINWONG trademark continuously and without interruption since that date.  Specifically, Plaintiffs have shipped the Circuit Board Products in boxes, crates, and packaging bearing the KINWONG trademark from China or Hong Kong to the United States for distribution and sale to end-customers located in the United States.  As a result, Plaintiffs are the owners of common law rights in and to the KINWONG trademark in the United States for the Circuit Board Products.

12.     Throughout this time frame, Plaintiffs have developed substantial and valuable goodwill in the KINWONG trademark through advertising, marketing, promotional activities, extensive industry support, superior customer support, and a long history of providing high quality products.  As a result, Plaintiffs have developed widespread recognition and secondary meaning among the trade and consuming public in the KINWONG trademark within the State of Florida, as well as throughout the United States and the world.

**B.  The 2005 Manufacturer's Agreement**

13.     In or about 2002, Defendant Kukreja formed a Florida limited liability company called Circuitronix, LLC ("CTX").

14.     On information and belief, at all times relevant hereto, Kukreja was and is the sole owner of CTX.

15. CTX was, and continues to be, engaged in the marketing and distribution of printed circuit boards for a variety of applications, including automotive, industrial, lighting, and security systems.

16. On May 5, 2005, Kukreja's company, CTX, entered into an exclusive Manufacturer's Agreement with Kinwong HK's predecessor, Capital Profit Development Ltd. ("Capital Profit"), for the sale, marketing, manufacturing and distribution of printed circuit boards and related products. *See* Manufacturer's Agreement (attached hereto as **Exhibit A**). Kinwong HK subsequently assumed all rights and obligations under the Manufacturer's Agreement with CTX. All references to Kinwong HK herein shall include Capital Profit as its predecessor.

17. Pursuant to the Manufacturer's Agreement, Kukreja's company, CTX, agreed to perform global sales and marketing for Kinwong HK on an exclusive basis for specific customers, or customers otherwise introduced to Kinwong HK by CTX. *See* Exhibit A, at ¶1.

18. In addition, pursuant to the Manufacturer's Agreement, Kukreja's company, CTX, agreed that it "***shall conduct all of its business in its own name*** maintaining independent sales staffs / offices in the territory, bearing all established and incidental office cost related thereto." *Id*. at ¶ 1 (emphasis added).

19. In return, Kinwong HK agreed to manufacture its Circuit Board Products for Kukreja's company, CTX, for distribution and sale in the United States to the exclusive customers identified by CTX. *See id.* Kinwong HK did so under a license from Shenzhen Kinwong to manufacture and sell products using Shenzhen Kinwong's globally-recognized brand and trademark "KINWONG."

20.     From 2005 through and including 2010, pursuant to the Manufacturer's Agreement, Kukreja's company, CTX, marketed, distributed, and sold Kinwong HK's Circuit Board Products to customers in the United States under Shenzhen Kinwong's globally-recognized brand and trademark "KINWONG."

C.  **The 2010 Settlement Agreement**

21.     On or about June 1, 2010, following a dispute, Kukreja's company, CTX, and Kinwong HK's predecessor, Kinwong Group, Ltd. ("KGL"), entered into a Settlement Agreement and Limited Releases (the "Settlement Agreement"), which reflected their agreement on pricing, quality standards, payment terms, and other commercial terms.   The Settlement Agreement replaced and superseded the Manufacturer's Agreement, except to the extent the documents did not conflict, in which case CTX and Kinwong HK agreed that the Manufacturer's Agreement was to remain in full force and effect.   *See* Settlement Agreement (attached hereto as **Exhibit B**).   Kinwong HK subsequently assumed all rights and obligations under the Settlement Agreement with CTX.   All references to Kinwong HK herein shall include KGL as its predecessor.

22.     Subsequent to the entry into the Settlement Agreement by Kukreja's company, CTX, and Kinwong HK, and continuing up to and including April 2018, Kinwong HK continued to ship the Circuit Board Products to Kukreja's company, CTX, in boxes, crates, and packaging bearing the KINWONG trademark for distribution and sale to customers in the United States.

D.  **Defendants' Infringing and Unlawful Acts**

23.     On or about January 19, 2013, unbeknownst to Plaintiffs and with full knowledge of Plaintiffs' prior rights in and to the KINWONG trademark, CTX's founder and

sole owner, Kukreja, formed a Florida limited liability company named "Kinwong, LLC" ("U.S. Kinwong").

24.     At all times relevant hereto, Kukreja has been and is the sole member of U.S. Kinwong.

25.     At all times relevant hereto, U.S. Kinwong has maintained its principal place of business and operated from the same address as CTX in Fort Lauderdale, Florida.

26.     Kukreja formed U.S. Kinwong for the purpose of engaging in the same line of business as CTX, namely, the distribution and sale, in the United States and elsewhere, of printed circuit boards and related products for a variety of applications, including automotive, lighting, and security systems.

27.     On information and belief, Kukreja intentionally chose to name his new company "Kinwong, LLC" to trade off the goodwill of Plaintiffs' KINWONG trade name as well as the KINWONG trademark that was widely associated by the trade and consuming public with Plaintiffs and the printed circuit boards and related products that Kukreja's other company, CTX, sold in the United States pursuant to its contracts with Kinwong HK.

28.     Without permission or authorization from Plaintiffs, U.S. Kinwong has used and continues to use the KINWONG trademark in connection with the distribution and sale of printed circuit boards and related products, both within the State of Florida and throughout the United States.

29.     Upon information and belief, without permission or authorization from Plaintiffs, U.S. Kinwong has sold and is continuing to sell printed circuit boards and related products under the KINWONG trademark to the same customers to whom CTX previously

supplied printed circuit boards manufactured by Kinwong HK and long associated with Plaintiffs and their KINWONG trademark.

30. Further, without Plaintiffs' permission, authorization, consent, or knowledge, and with full knowledge of Plaintiffs' prior rights in and to the KINWONG trademark, Kukreja applied for the KINWONG trademark with the United States Patent and Trademark Office ("USPTO") for "circuit boards" in Class 9. Kukreja applied for the mark in his individual capacity "DBA KINWONG, LLC." *See* Application Serial No. 86/170,773 (attached hereto as **Exhibit C**).

31. In support of his application for federal registration of the KINWONG mark, Kukreja willfully, intentionally, and falsely represented to the USPTO that "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

32. Subsequent to filing his application for the KINWONG mark, Kukreja advised the USPTO that when his application for the KINWONG mark matured into a registration, the registration should be issued in the name of "Kinwong, LLC" rather than to Kukreja in his individual capacity.

33. On May 12, 2015, the USPTO, reasonably relying upon Kukreja's false and fraudulent representations, issued U.S. Registration No. 4,736,271 in the name of "Kinwong, LLC" for the KINWONG mark for "circuit boards" in Class 9. *See* U.S. Trademark Registration No. 4,736,271 (attached hereto as **Exhibit D**) (hereinafter, the " '271 Registration").

34.     Subsequent to obtaining the '271 Registration for the KINWONG mark, Defendants, without any legitimate basis or justification, and notwithstanding Kukreja's knowledge of and direct involvement in CTX's distribution of KINWONG-branded printed circuit boards on behalf of Kinwong HK over a period of ten (10) years, have attempted to interfere with Plaintiffs' lawful use of their KINWONG mark, including but not limited to demanding that Plaintiffs cease and desist from using their KINWONG mark and filing a proceeding before the U.S. Trademark Trial and Appeal Board ("TTAB") to oppose Shenzhen Kinwong's application to register the KINWONG mark.

35.     All conditions precedent to the filing of this action have occurred or have been waived or excused.

36.     As a result of the wrongful conduct by Defendants alleged herein, Plaintiffs have been forced to engage the law firm of Greenberg Traurig, P.A. to enforce their rights in connection with the trademark at issue.  Plaintiffs are obligated to pay this law firm reasonable attorneys' fees and costs in connection with these legal services.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION**
**(Against Both Defendants)**

37.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

38.     This Count arises under an action for damages and injunctive relief pursuant to a violation of the federal laws on false designation of origin and unfair competition, namely, the Lanham Act, 15 U.S.C. § 1125(a).

39.     Plaintiffs have sold substantial quantities of the Circuit Board Products under the KINWONG trademark over a period of at least ten (10) years.  The KINWONG

trademark has become impressed upon the minds of the trade and consuming public as identifying the goods of Plaintiffs, and as indicating the source of origin of the Circuit Board Products as coming from Plaintiffs.

40.     Plaintiffs have built a large and valuable business in their use of the KINWONG trademark, and the goodwill associated with Plaintiffs, and Plaintiffs alone, is of great value to Plaintiffs.

41.     As a result of Plaintiffs' long, widespread, continuous and exclusive use of the KINWONG mark in United States commerce, the KINWONG mark has developed and acquired distinctiveness and secondary meaning in the minds of the trade and the consuming public in the field of circuit boards and related products, and has come to indicate to the trade and the consuming public that the Circuit Board Products bearing the KINWONG mark originate from Plaintiffs.   Moreover, Plaintiffs have continuously and without interruption, used the KINWONG mark in United States commerce for more than five (5) years, thereby giving rise to a presumption of distinctiveness and secondary meaning under federal law.

42.     Kukreja and the company that he solely owns and controls, U.S. Kinwong, have used, and are continuing to use, the KINWONG trademark in interstate commerce in connection with the manufacture, distribution, sale, and advertising of closely-related and/or competing goods, namely, circuit boards and related products, throughout the United States and the world, including in Florida.

43.     Upon information and belief, Kukreja and the company that he solely owns and controls, U.S. Kinwong, adopted and/or continue to use the KINWONG trademark having full knowledge of Plaintiffs' prior rights in and to that mark.   Defendants' unauthorized

adoption and/or continued use of the KINWONG trademark constitutes blatant, intentional, willful and wanton trademark infringement and unfair competition.

44.     Through their unauthorized use of the KINWONG trademark, Kukreja and the company that he solely owns and controls, U.S. Kinwong, have caused, and continue to cause, a likelihood of confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendants' purported KINWONG products with Plaintiffs.  Furthermore, use of the KINWONG trademark by Defendants is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship or approval of Defendants' goods by Plaintiffs.

45.     Defendants' acts constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

46.     As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have sustained, and will continue to sustain damages unless Defendants are enjoined by this Court.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendants and each of them, as follows:

(a)     Under 15 U.S.C. § 1116, Defendants and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be preliminarily and permanently enjoined from:

(i)   Using the KINWONG mark and any other mark containing or consisting, in whole or in part, of the name "KINWONG," and any other mark confusingly similar to or colorable imitation of the KINWONG mark, including, in the advertising, distribution, offering

for sale, and/or sale of products or services that may reasonably be encompassed by the KINWONG mark or which may constitute a natural zone of expansion for Plaintiffs;

(ii)   Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the KINWONG mark;

(iii) Otherwise infringing the KINWONG mark;

(iv) Unfairly competing with Plaintiffs or otherwise injuring their business reputation or goodwill in any manner;

(v)   Publishing any telephone, directory, Internet listing, or website, including www.kinwongllc.com, using the KINWONG mark and any other mark containing the name "KINWONG" and any other mark confusingly similar to or colorable imitation of the KINWONG mark, in the advertising, distribution, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the KINWONG mark, or which may constitute a natural zone of expansion for Plaintiffs;

(vi) Using or registering any domain name which is confusingly similar to the KINWONG mark in advertising, distribution, offering for sale, and/or sale of a domain name registration, or any other goods or services that may reasonably be encompassed by the KINWONG mark, or which may constitute a natural zone of expansion for Plaintiffs;

(b)      Under 15 U.S.C. § 1118, Defendants be directed to deliver up for destruction all goods, advertisements, labels, signs, prints, boxes, crates, packages, wrappers, receptacles, computer memory, data, computer programs, software, or any other media, and all other materials in their possession or under their control bearing the KINWONG mark or any other mark containing the name "KINWONG" or any reproduction, counterfeit, copy or colorable

imitation of the KINWONG mark, and all plates, molds, matrices, and other means of making or duplicating the same;

(c)     Under 15 U.S.C. § 1117, Defendants account and pay to Plaintiffs damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendants' sale of goods or services under or in connection with the KINWONG mark and/or the name, and further that the amount of the monetary award be trebled in view of the willful, intentional, and deliberate nature of Defendants' unlawful conduct;

(d)     Find this case to be exceptional pursuant to 15 U.S.C. §1117(a);

(e)     Award Plaintiffs their attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(f)     Award Plaintiffs such further relief as this Court deems just, proper, and equitable.

## COUNT II
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4,736,271 –
## PRIORITY OF USE
## (Against U.S. Kinwong)

47.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

48.     This Count arises under arises under an action for the cancellation of a federal trademark registration under 15 U.S.C. § 1119.

49.     Plaintiffs have been and are the owners of common law rights in and to the KINWONG trademark for circuit boards and related products by virtue of their use of the KINWONG mark in United States commerce since at least as early as 2008, and most likely as early as 2005, which is long before Defendants' alleged first use of the mark in commerce on December 11, 2014.

50.     Plaintiffs have priority of use over Defendants' claim to rights in the KINWONG mark.

51.     Defendants' use and registration of the KINWONG mark is likely to cause confusion among the trade and the consuming public as to the source, sponsorship, or affiliation of Defendants' goods with Plaintiffs.

52.     Pursuant to 15 U.S.C. §1052(d), and by virtue of Plaintiffs' prior use of the KINWONG mark in United States commerce on and in connection with the Circuit Board Products, Defendants are not, and have never been, entitled to federal registration of the KINWONG trademark for identical and/or related goods.

53.     This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of the '271 Registration.

54.     Plaintiffs have been and are continuing to be damaged by the continued registration of the '271 Registration, and said registration should be canceled.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against U.S. Kinwong, as follows:

(a)     Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,736,271 on the grounds of Plaintiffs' priority of use of the KINWONG mark under 15 U.S.C. § 1064;

(b)     Find this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

(c)     Award Plaintiffs their attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(d)     Award Plaintiffs such further relief as this Court deems just, proper, and equitable.

**COUNT III**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4,736,271 –**
**FRAUD ON THE USPTO**
**(Against U.S. Kinwong)**

55.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

56.     Based on Defendants' statements as alleged herein, Defendants were able to obtain registration for the mark that is the subject of the '271 Registration.

57.     Based on Defendants' statements as alleged herein, the USPTO registered the mark that is the subject of the '271 Registration.

58.     Defendants were not at the time of their application or at any time thereafter the owners of *bona fide* rights in or to the KINWONG mark in connection with circuit boards or related products.   To the contrary, Defendants were fully aware that Plaintiffs, not Defendants, were and are the owners of common law rights in and to the KINWONG mark for such products.

59.     Defendants' sworn statements made in the application to register the KINWONG mark that is the subject of the '271 Registration constitute fraud in the procurement of such trademark registration.

60.     Defendants committed fraud before the USPTO by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO and knowing that the Examining Attorney would be relying on such false statements in accepting Defendants' application for registration of the KINWONG mark.

61.     Defendants procured the '271 Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

62.     Said false statements were made with the intent to induce authorized agents of the USPTO to grant the '271 Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, grant the '271 Registration to U.S. Kinwong.

63.     Upon information and belief, Defendants knew that the statements they made to the USPTO as alleged herein were false at the time they were made and as submitted to the USPTO in the prosecution and procurement of the '271 Registration.

64.     In view of the foregoing, Defendants are not entitled to continue registration of the '271 Registration, as Defendants committed fraud in the procurement of said registration and such registration is void *ab initio*.

65.     This Court has the authority, pursuant to 15 U.S.C. § 1119, to order the cancellation of the '271 Registration.

66.     Plaintiffs have been and are continuing to be damaged by the continued registration of the '271 Registration, and said registration should be canceled.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against U.S. Kinwong, as follows:

(a)     Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,736,271 on the grounds of fraud on the USPTO under 15 U.S.C. § 1064;

(b)     Find this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

(c)     Award Plaintiffs their attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920; and

(d)     Award Plaintiffs such further relief as this Court deems just, proper, and equitable.

16

**COUNT IV**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**(Against Both Defendants)**

67.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

68.     This Count arises under an action for damages and injunctive relief pursuant to the acts of trademark infringement and unfair competition under the common laws of the State of Florida.

69.     Through Plaintiffs' long-standing, widespread, continuous, and exclusive use of the KINWONG trademark in commerce, the KINWONG trademark has become impressed upon the minds of the relevant trade and consuming public as identifying Plaintiffs and indicating the source of origin of the Circuit Board Products as coming from Plaintiffs.

70.     Plaintiffs have built a large and valuable business in their use of the KINWONG trademark, and the goodwill associated with Plaintiffs, and Plaintiffs alone, is of great value to Plaintiffs. The KINWONG trademark has developed and acquired distinctiveness and secondary meaning in the minds of the trade and the consuming public in the field of circuit boards and related products, and has come to indicate to the trade and the consuming public that the particular products bearing the KINWONG trademark originate from Plaintiffs.

71.     Defendants have used, and are continuing to use, a designation identical to Plaintiffs' trademark in interstate commerce and within the State of Florida in connection with their manufacture, distribution, sale and advertising of circuit boards and related products.

72.     Defendants' unauthorized use of the KINWONG trademark is likely to cause confusion in the marketplace between Plaintiffs' and Defendants' circuit board products sold under that trademark.

73. Defendants' misappropriation of Plaintiffs' KINWONG trademark is in willful and wanton disregard of Plaintiffs' rights in and to the same, and without the consent of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Defendants and each of them, as follows:

(a) Defendants and their agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations, and others in privity and acting in concert with them be preliminarily and permanently enjoined from:

(i) Using the KINWONG mark and any other mark containing or consisting, in whole or in part, of the name "KINWONG," and any other mark confusingly similar to or colorable imitation of the KINWONG mark, including, in the advertising, distribution, offering for sale, and/or sale of products or services that may reasonably be encompassed by the KINWONG mark or which may constitute a natural zone of expansion for Plaintiffs;

(ii) Using any service mark, trademark, trade name, trade dress, word, domain name, number, abbreviation, design, color, arrangement, collocation, or any combination thereof, which would imitate, resemble, or suggest the KINWONG mark;

(iii) Otherwise infringing the KINWONG mark;

(iv) Unfairly competing with Plaintiffs or otherwise injuring their business reputation or goodwill in any manner;

(v) Publishing any telephone, directory, Internet listing, or website, including www.kinwongllc.com, using the KINWONG mark and any other mark containing the

name "KINWONG" and any other mark confusingly similar to or colorable imitation of the KINWONG mark, in the advertising, distribution, offering for sale, and/or sale of goods or services that may reasonably be encompassed by the KINWONG mark, or which may constitute a natural zone of expansion for Plaintiffs;

(vi)    Using or registering any domain name which is confusingly similar to the KINWONG mark in advertising, distribution, offering for sale, and/or sale of a domain name registration, or any other goods or services that may reasonably be encompassed by the KINWONG mark, or which may constitute a natural zone of expansion for Plaintiffs;

(b)    Defendants account and pay to Plaintiffs damages in an amount sufficient to compensate them fairly for the injury they sustained, plus all profits that are attributable to Defendants' sale of goods or services under or in connection with the KINWONG mark and/or the name;

(c)    Defendants pay punitive damages to Plaintiffs based on the willful, malicious, fraudulent, and intentional acts of Defendants; and

(d)    Award Plaintiffs such further relief as this Court deems just, proper, and equitable.

## COUNT V
## LIABILITY UNDER FLORIDA'S CORPORATE ALTER EGO DOCTRINE
### (Against Kukreja)

74.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36, as if fully set forth herein.

75.    Upon information and belief, at all times relevant hereto, Kukreja has dominated and controlled U.S. Kinwong to such an extent that U.S. Kinwong's independent existence was in fact non-existent and Kukreja was in fact the alter ego of U.S. Kinwong.

76.     Kukreja used the corporate form of U.S. Kinwong fraudulently and/or for an improper purpose by forming a limited liability company under the name "Kinwong" despite his knowledge of (1) Plaintiffs' longstanding rights in and to the KINWONG tradename and trademark, and (2) the ten (10) year business relationship between CTX – of which Kukreja is also the sole owner – and Kinwong HK whereby CTX distributed and sold in the United States KINWONG-branded Circuit Board Products pursuant to its contracts with Kinwong HK.  In fact, Kukreja, through his other company, CTX, recently acknowledged that, when CTX marketed these products to its customers, the products were associated with Shenzhen Kinwong's globally-recognized brand "KINWONG."

77.     Kukreja further used the corporate form of U.S. Kinwong fraudulently and/or for an improper purpose by applying for federal registration of the KINWONG mark, intentionally making fraudulent representations to the USPTO in support of such application for the purpose of deceiving authorized agents of the USPTO, and inducing such agents of the USPTO to issue the '271 registration to U.S. Kinwong.

78.     As a direct and proximate result of Kukreja's fraudulent and/or improper use of the corporate form of U.S. Kinwong, Plaintiffs have sustained, and will continue to sustain injury and damages.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Kukreja, as follows:

(a)     Find that Kukreja has so dominated and controlled the business and affairs of U.S. Kinwong that U.S. Kinwong's independent existence was in fact non-existent;

(b)     Find that Kukreja was at all times relevant hereto the alter ego of U.S. Kinwong;

(c)     Pierce the corporate veil of U.S. Kinwong and thereby hold Kukreja personally and individually liable for the relief, whether at law or in equity, sought by Plaintiffs against U.S. Kinwong under Counts I through IV of this Complaint; and

(d)     Award Plaintiffs such further relief as this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury as to all issues so triable.

Dated:  July 9, 2018                                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Plaintiffs*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717


By:      /s/ *David A. Coulson*
         DAVID A. COULSON
         Florida Bar No. 176222
         Email: coulsond@gtlaw.com
         MARK A. SALKY
         Florida Bar No. 058221
         Email: salkym@gtlaw.com


Of Counsel:

Steven J. Wadyka, Jr.
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C.  20037
Telephone:  (202) 331-3105
E-mail:  wadykas@gtlaw.com

(*Pro Hac Vice* Admission to be Sought)