# EXHIBIT "A"

## <u>Manufacturer's Agreement</u>

Agreement made this 4th day of May, 2005 by and between circuitronix, llc , a Florida limited liability company having its principal place of business at 201 South Biscayne Blvd; Suite 2856; Miami; Fl 33131 ("circuitronix"), and Capital Profit Development Ltd. (Manufacturer) having its principal place of business at Rm 502, 5/f, Block B, Veristrong Industrial Center, 36 Au Pui Wan Street, Fo Tan , HongKong

WHEREAS, MANUFACTURER, and/or its affiliates, is engaged in the manufacture of Printed Circuit Boards.

WHEREAS, MANUFACTURER desires using circuitronix to help to develop demand for and Bare Printed Circuit Boards subject to the terms and conditions as set forth in this Agreement.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other consideration, the receipt and adequacy of which is hereby acknowledged by the parties, circuitronix and MANUFACTURER agree as follows:

1. MANUFACTURER grants circuitronix the exclusive right to promote and sell its products to all customers/accounts introduced by circuitronix. Such customers/accounts are identified by circuitronix on Exhibit "1" attached to this Agreement or will be identified at such time as circuitronix requests a price quotation from the Manufacturer. Such customers/accounts are identified by circuitronix on Exhibit "1" attached to this Agreement or will be identified at such time as circuitronix provides Manufacturer with the name , city and state of the identified customer in writing.. Once Manufacturer confirms that the identified customer poses no conflict of interest with the Manufacturer. Circuitronix would be allowed to handle the account exclusively for a period of 12 (twelve) months. If during the 12(twelve) months Circuitronix fails to receive a Purchase Order from the identified customer, Manufacturer is allowed to pursue this customer independently. On the other hand should circuitronix succeed in receiving a Purchase Order from the identified customer the account would be handled exclusively by circuitronix for a period of two year from the date of the last Purchase Order. Such customers/accounts shall be exclusively handled by circuitronix. circuitronix shall conduct all of its business in its own name maintaining independent sales staffs / offices in the territory, bearing all established and incidental office cost related thereto.



2. The term "Product" in this Agreement shall mean any Contract Manufacturing related work or services provided by MANUFACTURER or any associated entities.

3. The term "Territory" in this Agreement shall primarily mean the geographic regions of the United States of America ("USA"), Canada, Mexico and South America.

4. In so far as MANUFACTURER may directly sell its Product to certain of its customers within the Territory, MANUFACTURER covenants that it shall not directly or indirectly enter into any contract with the customers/accounts of circuitronix to promote and/or solicit orders for the sale of Product. Further, should any customer/account of circuitronix have communication with MANUFACTURER or its affiliates with intent to enter into business, MANUFACTURER agrees to immediately refer said customer/account to circuitronix. Likewise, circuitronix agrees



1

to not interfere in any business relationship that MANUFACTURER may have with its customers.

**5.**

5.1 circuitronix will diligently solicit and promote sales of Product in consideration of the terms herein contained, and shall not offer any price quotations, accept any orders, or make any commitments on behalf of the MANUFACTURER, without prior approval. circuitronix shall also undertake responsibility for releasing a Purchase Order (PO) to MANUFACTURER, along with necessary specifications or drawings, etc., as may be required for providing full and clear inputs for manufacturing, packaging, and forwarding supplies

5.2 circuitronix will inform MANUFACTURER in writing about acceptance/rejection of Products by customer/account and will release payment (in part or in full on accepted products) and instruct MANUFACTURER in writing for rework/cancellation, as the case may be. circuitronix agrees to document in writing reasons for any rejections and have the customer/account bear responsibility for improper use or handling of Products.

5.5 MANUFACTURER will be obliged to accept orders as per the pricing/payment/delivery terms agreed upon by the parties. Manufacturer has to provide Circuitronix a six month written notice in the event it plans to change any prices.

5.6 circuitronix agrees not to contact any of the Manufacturer's suppliers /vendors directly for a component requirement for a project which has been awarded to the Manufacturer unless :

   a) Manufacturer is not able to meet their obligations vis-à-vis quality, service and delivery and circuitronix decides not to pursue the project further with Manufacturer.
   b) Manufacturer provides the mandatory six month notice for any price increase and it is found to be unacceptable to circuitronix.

**6.** MANUFACTURER acknowledges that circuitronix is expending substantial monies on advertising, marketing, technology, and in the development of potential customers/accounts. MANUFACTURER further agrees that the identity of circuitronix customers/accounts, the specifications of their orders and pricing thereof, are considered confidential and proprietary in nature, a valuable asset of circuitronix, and are deemed to be "Trade Secrets" of circuitronix.




6.1 MANUFACTURER agrees not to make any commercial use of confidential information and/or Trade Secrets of circuitronix regarding the customer's specifications or otherwise without obtaining prior written consent from circuitronix. MANUFACTURER recognizes that immediate and irreparable damage will result to circuitronix if MANUFACTURER breaches any of the terms and conditions of Section 6 of this Agreement, and accordingly, MANUFACTURER consents to the entry by any court of competent jurisdiction of an injunction in favor of circuitronix (without bond or other security being required) to restrain any such breach, in addition to any other remedies or claims which circuitronix may seek.



6.2 This section of the Agreement is considered by the parties to be an integral part of this Agreement, and shall survive for a period of 2 years from the date of termination of this Agreement.

**7. Terms & Conditions.**
7.1 MANUFACTURER will confirm to circuitronix, in writing, the extent to which it can execute all orders.

7.2 Terms of Payment. circuitronix agrees to pay MANUFACTURER 60 days AMS (60 days from the date of receipt of monthly statement) terms on all timely Product shipments.

7.3 Packaging & Documentation. Packages must bear the circuitronix order number and show quantity, part number, net and gross weights and country of origin. Export worthy containers or corrugated boxes shall be used, and each carton shall contain a packaging slip clearly marked. Copies of AWB, Packing List and Invoice shall be faxed to circuitronix on shipment of Product.

7.4 Delivery. Delivery date shall imply date of delivery at port of entry. If MANUFACTURER fails to adhere to quality standards and delivery schedule as per the Purchase Order terms, circuitronix reserves the right of procurement elsewhere, with recovery of procurement expenses and any other consequential damages from MANUFACTURER.

**8.** MANUFACTURER agrees to indemnify and hold circuitronix harmless from and against any action, legal suit, claim, or demand, and for any costs and expenses, including reasonable attorney's fees, that circuitronix may incur, or become liable to pay for, or by reason of, any claim or suit, for breach of an express, or implied warranty, product liability, or patent infringement of the Product produced by the MANUFACTURER, and sold by circuitronix. MANUFACTURER agrees to protect, indemnify and hold harmless circuitronix from suits or proceedings instituted against circuitronix insofar as the same are based on the infringement of United States patents by the Products which MANUFACTURER shall design and construct pursuant to this Agreement, provided that circuitronix gives MANUFACTURER immediate notice in writing of any charge of infringement or institution of any suit or proceeding relating to such patents, the right to defend such suit or proceeding and any information, assistance and authority MANUFACTURER may require in the exercise of the right to defend the suit or proceeding.



**9. Term of Agreement.** This Agreement shall be effective, as of the date first written above, and shall continue in force and effect for a period of 2 years, with provision for automatic renewal for additional 1 year periods thereafter, unless terminated by written notice from either party to the other, not less than 90 days prior to the end of the initial term, or any subsequent term.

**10. Termination.** This Agreement may also be terminated by either party under the following conditions:
 i. either party's failure to perform the material terms and conditions of this
Agreement and written notice of such failure having been given to the defaulting party
 within a period of 60 days which the defaulting party fails to comply herewith; or

 ii. by written agreement signed by both parties.



3

**11. Governing Law and Recovery of Legal Fees.**  This Agreement shall be governed by and interpreted in accordance with the laws of Hong Kong.

**12. Consequences of Termination.** The expiration or termination of this Agreement will not relieve or release either party from accrued rights and liabilities that may be owing to either party under the terms of this Agreement.

**13. Waivers.**  Any waiver of any provision of this Agreement or the full and timely performance of any duties arising hereunder shall be in writing and shall be effective only in the specific instance and only for the purpose for which given.  No failure or delay on the part of either party in exercising any right, power or privilege arising hereunder shall operate as a waiver thereof, nor shall any partial exercise of any right, power or privilege arising hereunder preclude any other or further exercise thereof or the exercise of any right, power or privilege.  Except where otherwise specified herein, the provisions of this Agreement may be waived, varied, modified or amended only by a written instrument executed by and on behalf of circuitronix and MANUFACTURER.

**14. No Oral Understandings.**  This Agreement embodies the entire agreement between the parties hereto with respect to the subject matter hereof and cancels and supersedes any and all prior or contemporaneous, oral or written understandings, negotiations or communications on behalf of such parties.  If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, the remaining provisions of this Agreement will nevertheless continue in full force and effect.

IN WITNESS WHEREOF each of the parties hereto has caused this Agreement to be signed on its behalf by a duly authorized individual or officer and has caused its seal to be hereunto affixed, the day and year first written above.

SIGNED AND SEALED BY                     SIGNED AND SEALED BY

circuitronix, llc                                        Capital Profit Development Co. Ltd.

BY:_____        BY:_____

TITLE: BUSINESS MANAGER            TITLE: _President_

19/5/05





EXHIBIT A

Last update : 05/04/05

Keytronic EMS

N. 4424 Sullivan Road
Spokane, WA 99214



