UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61550-CIV-ALTMAN/Hunt

SHENZHEN KINWONG ELECTRONIC CO.,
LTD., *et al.*,

    Plaintiff,

v.

RISHI KUKREJA, *et al.*,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on the Plaintiffs' First Motion to Amend Complaint, filed on February 8, 2019 ("Motion") [ECF No. 47]. Because the Motion was filed before the deadline for moving to amend pleadings, *see* [ECF No. 42], it does not require a modification of the scheduling order and thus will be reviewed under the standards set forth in Federal Rule of Civil Procedure 15(a)(2). Under that Rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). While "the grant or denial of an opportunity to amend is within the discretion of the District Court," leave should be freely given "[i]n the absence of any apparent or declared reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[, or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Plaintiffs seek leave to amend in order to (1) add allegations based on newly-discovered evidence, (2) add "CTX" as a Defendant, and (3) add a new claim against the

Defendants. *See* Mot. at 1. The Plaintiffs claim that their "ongoing investigation has yielded new information," *id.* at 3, and that they are "diligently undertaking discovery that will further corroborate this newfound information," *id.* at 4. In sum, they seek a limited amendment that would do little more than bring their complaint in line with what they say is newly-discovered evidence. *Id.*

The Defendants oppose the Motion. *See* Defs.' Resp. Opp'n ("Opposition") [ECF No. 51]. Despite the lenient standard of Federal Rule of Civil Procedure 15(a), the Defendants argue that the amendment "is futile, is untimely, prejudices the Defendants and the proper administration of this action, and should not be permitted." Opp. at 2. Worse, they characterize the Plaintiffs' motion to amend as a "procedural snipe-hunt." *Id.* at 1.

Rhetoric aside, this Court sees no reason to deny the Motion. This appears to be the Plaintiffs' first motion to amend, and the Plaintiffs indisputably filed their motion prior to the expiration of the February 8, 2019 deadline the Court set for the amendment of pleadings. *See* [ECF No. 42]. Moreover, because the Plaintiffs sought leave at a relatively early stage in the proceedings, the amendment is not likely to create any unnecessary delay. And, given that the trial in this case is not set to begin for another eight months, the Defendants will not be prejudiced by this Order. Accordingly, the Court will **GRANT** the Plaintiffs' Motion.

Because the Defendants' pending motion to dismiss [ECF No. 26] is directed at the Plaintiffs' first complaint, that motion is **DENIED as moot**. The Defendants may refile their motion after they have reviewed the Plaintiffs' amended complaint.

Finally, this Court would remind counsel that "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility. . . . [I]t remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible." S.D. Fla.

L.R. at Introductory Statement. This Court notes that, of the many motions filed thus far in this case, only one—a Motion for Extension of Time [ECF No. 34]—was unopposed. And, of the sixty extant filings, only the court-ordered Joint Scheduling Report [ECF No. 22] was filed jointly. Counsel are reminded that they should "work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice." *See* S.D. Fla. L.R. at Introductory Statement.

Being fully advised, this Court hereby

**ORDERS AND ADJUDGES** that

1. The Motion for Leave to Amend **[ECF No. 47]** is **GRANTED**. The Plaintiffs shall file their Amended Complaint [ECF No. 47-1] as a separate docket entry by **May 3, 2019**.

2. The Defendants' Motion to Dismiss **[ECF No. 26]** is **DENIED as moot**. The Defendants will have the time permitted under the Rules to file a combined response or separate answers to the Amended Complaint.

3. For purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of April 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record